

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–0306-14

#### THE STATE OF TEXAS

#### v.

#### DAVID VILLARREAL, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

**KELLER, P.J., filed a dissenting opinion in which HERVEY, J., joined.**

The Supreme Court has created a continuum of exceptions to the warrant requirement that inform the analysis in the present case. (1) Parolees are subject to warrantless, suspicionless, intrusive searches.[1] (2) Probationers are subject to warrantless intrusive searches if there is reasonable suspicion to believe they have committed an offense.[2] (3) People arrested on probable cause for serious offenses are subject to warrantless searches by the collection of DNA from a buccal

---

[1] *Samson v. California*, 547 U.S. 843 (2006) (search of shirt pocket).

[2] *United States v. Knights*, 534 U.S. 112 (2001) (search of apartment).

swab.[3]  I believe that the search in this case falls between the second and third categories of cases. I respectfully dissent.

In *King*, the Supreme Court relied in part on an arrestee's reduced expectation of privacy where the arrestee was "already in valid police custody for a serious offense supported by probable cause."[4]  The search was analyzed by reference to "reasonableness, not individualized suspicion."[5] Reasonableness is determined by weighing "'the promotion of legitimate governmental interests' against 'the degree to which [the search] intrudes upon an individual's privacy.'"[6]  The fact that the buccal swab was minimally intrusive weighed heavily in the Court's decision.[7]

The search in the present case was more intrusive than the search in *King*, but appellee was more than simply an "arrestee."  He had at least two prior convictions for DWI, and that is the precise reason that he was subject to the mandatory-blood-draw statute.  The fact of his prior convictions is what put this case between *King* and *Knights*.

In *Knights*, the Supreme Court considered the "totality of the circumstances" to decide whether the warrantless search of a probationer's apartment violated the Constitution.[8]  Among other things, the Court took into account the high recidivism rate of probationers.[9]  The relevant provision

---

[3] *Maryland v. King*, 133 S.Ct. 1958 (2013).

[4] *Id.* at 1970.

[5] *Id*.

[6] *Id.* (quoting *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999)) (bracketed material in *King*).

[7] *Id.* at 1969.

[8] *Knights*, 534 U.S. at 118.

[9] *Id.* at 120.

of the Texas statute requires not just the possibility of recidivism, but recidivism in fact, in that it requires a person to have been convicted of or placed on probation in two prior DWI cases. And the offense for which the person is under arrest must be an intoxication offense. In *Knights*, the Court said, "[The State's] interest in apprehending violators of the criminal law, thereby protecting potential victims of criminal enterprise, may therefore justifiably focus on probationers in a way that it does not on the ordinary citizen."[10]

The question boils down to whether a person with two prior DWI convictions is similar enough to a probationer that the totality of the circumstances allows a search that would not be allowed for someone without that criminal record. Before *King*, that would have been a difficult position to defend. Now that the Supreme Court has held that the mere fact that a person is arrested for a serious offense justifies a warrantless, standardized, minimally intrusive search, there appears to be room for a statute that permits a warrantless, standardized, more intrusive search of a person arrested for DWI who has two prior convictions for DWI.

The touchstone of the Fourth Amendment is reasonableness. Under the totality of the circumstances, what happened in this case does not strike me as unreasonable. Therefore, I respectfully dissent.

Filed: November 26, 2014
Publish

---

[10] *Id.* at 121.